## BRANCH *v.* GRUBB.

ATKINSON, J. 1. If a man executes a security deed conveying land to a bank as security for a loan, conferring a power of sale upon the grantee and stipulating that the grantor shall keep all taxes paid on the property; and if the grantor fails to pay taxes and suffers execution to issue therefor, and the wife of the grantor pays off the tax executions from her separate estate and causes them to be transferred to her and to be duly recorded; and if the grantor, in order to secure other debts owed by him to his wife, executes to her a second security deed conveying the same land, and containing a power of sale, and expressly made subject to the first security deed; and if in exercise of the power of sale the wife causes the land to be sold thereunder and becomes the purchaser and receives a deed, she will thereby assume the position of her husband relatively to the grantee in the first security deed, and her claim for money applied to payment of the taxes will be merged into her legal title to her husband's equity of redemption. Where the wife subsequently causes the executions to be levied upon a portion of the land, and a statutory claim is interposed by a grantee of the bank after purchase by the bank at a sale under exercise of the power of sale in the first security deed, the claimant will be entitled, as a matter of law, to a verdict finding the property not subject. The case differs on its facts and is not controlled by *Pope v. Hammond,* 168 *Ga.* 818 (149 S. E. 204), and cit.

2. The judge did not err in directing a verdict for the claimant.

*Judgment affirmed. All the Justices concur.*

No. 9347. SEPTEMBER 14, 1933.

664

*Wolver M. Smith* and *Shackelford & Shackelford,* for plaintiff.
*R. M. Nicholson, R. S. Sams,* and *Colquitt, Parker, Troutman & Arkwright,* for defendant.